**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GARRY C. STOKLAS,<br><br>　　　　　　　　　　　Plaintiff,<br>vs.<br>SUN COMMUNITY FEDERAL CREDIT UNION; HAROLD WALK; DALE JOHNSON,<br><br>　　　　　　　　　　　Defendants. | CASE NO. 11cv2384 JM(WVG)<br><br>ORDER GRANTING MOTION TO DISMISS; GRANTING LEAVE TO AMEND |

Pursuant to Fed.R.Civ.P. 12(b)(6), Defendants Sun Community Federal Credit Union ("SCFCU"), Harold Walk ("Walk"), and Dale Johnson ("Johnson") move to dismiss all claims alleged in the First Amended Complaint ("FAC") of Plaintiff Garry C. Stoklas ("Plaintiff" or "Stoklas"). Plaintiff opposes the motion. Pursuant to Local Rule 7.1(d)(1), this matter is appropriate for decision without oral argument. For the reasons set forth below, the court grants the motion to dismiss the federal age discrimination claim and grants Plaintiff 15 days leave to amend from the date of entry of this order.

**BACKGROUND**

On October 13, 2011, Plaintiff commenced this federal question action by alleging a single claim for violation of the Age Discrimination in Employment Act (ADEA"), 29 U.S.C. §621I et seq., and supplemental jurisdiction over the state law claims. (Ct. Dkt. 1). In January 1997, Plaintiff, currently a 62-year-old Caucasian male, was employed by SCFCU as a part-time courier and part-time

accountant equaling one full-time position. (FAC ¶11). He was paid hourly with full benefits. In June 1998 Plaintiff transferred to the real estate loan department as a loan processor. Id.

After obtaining an insurance license and securities registration, on June 1, 2001, Plaintiff became the registered representative of financial services for SCFCU. (FAC ¶13). At this point in time, Plaintiff was a salaried employee with full benefits. Through 2004 Plaintiff "had been a one-man department." In 2005, Plaintiff met with the then recently appointment CEO, Defendant Walk, to discuss marketing needs and administrative assistance. While Walk showed initial interest, the plan languished. (FAC ¶17).

At a manager's planning retreat in August 2010, Walk made a comment that Plaintiff "would not continue with the celebratory activities at private clubs with the 'younger folks.'" (FAC ¶22). Plaintiff alleges that his age was the subject of comments on several different occasions where he and another employee were referred to as the "old ones." (FAC ¶23). At the planning retreat, the subject of Plaintiff's retirement was raised as well as the need for greater marketing for Plaintiff's department. (FAC ¶25).

In December 2010, Plaintiff met with the newly appointed CFO, Defendant Johnson, to discuss his department's operations. In February 2011, SCFCU informed Plaintiff that it was considereing a new broker dealer for the financial services provided by Plaintiff's department. In a conference call with the proposed new broker dealer, LPL Financial ("LPL"), LPL represented that "their registered representatives were independent contractors registered through LPL." (FAC ¶31). ¶

On April 2, 2011, Plaintiff received an email from Johnson requesting first- quarter revenue information for the alleged purpose of determining whether Plaintiff had earned a quarterly bonus. Upon receipt of the information, Johnson informed Plaintiff that he failed to meet the goal of $30,000 in gross revenues (he collected $29,200 in gross revenues). (FAC ¶34). Johnson then informed Plaintiff that he intended to go ahead and change broker dealers to CUFN/LPL. (FAC ¶33).

On May 17, 2011, "Johnson informed [Plaintiff] that he was being terminated immediately. Contrary to the facts, Johnson stated Plaintiff was not performing, that Plaintiff was 'costing the credit union money,' and his position (department) was being outsourced." (FAC ¶35).

Johnson informed Plaintiff that he would be offered an independent contractor position and

"that the credit union would provide marketing support. Based on experience, Plaintiff knew SCFCU would not provide any support." (FAC ¶36). Plaintiff was offered an independent contractor position with Credit Union Financial Network ("CUFN") and provided with three days to sign the agreement. (FAC ¶39). On May 19, 2011, Plaintiff refused to sign the proposed Separation Agreement or the Independent Representative Agreement. (FAC ¶41). Plaintiff alleges that SCFCU never changed broker dealers "which proves that all along SCFCU plotted to terminate Plaintiff due to his age rather than a legitimate business decision." (FAC ¶42).

Based upon the above generally described conduct, Plaintiff alleges eight causes of action for: (1) age discrimination in violation of ADEA and FEHA, (2) wrongful termination in violation of public policy, (3) breach of contract, (4) breach of the implied covenant of good faith and fair dealing; (5) negligent supervision, (6) harassment based upon age in violation of Cal. Gov. Code §12940(j)(1), (7) harassment based upon age in violation of Cal. Gov. Code §12940(j)(3), and (8) intentional infliction of emotional distress.

Defendants move to dismiss the federal ADEA claim and the state law claims. Plaintiff opposes all motions.

**DISCUSSION**

**Legal Standards**

Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in "extraordinary" cases. United States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981). Courts should grant 12(b)(6) relief only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). Courts should dismiss a complaint for failure to state a claim when the factual allegations are insufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp v. Twombly, 550 U.S. 544, 555 (2007) (the complaint's allegations must "plausibly suggest[]" that the pleader is entitled to relief); Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009) (under Rule 8(a), well-pleaded facts must do more than permit the court to infer the mere possibility of misconduct). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 1949. Thus, "threadbare recitals of the elements of a cause of action, supported

by mere conclusory statements, do not suffice." Id.  The defect must appear on the face of the complaint itself.  Thus, courts may not consider extraneous material in testing its legal adequacy.  Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1482 (9th Cir. 1991).  The courts may, however, consider material properly submitted as part of the complaint.  Hal Roach Studios, Inc. v. Richard Feiner and Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

Finally, courts must construe the complaint in the light most favorable to the plaintiff.  Concha v. London, 62 F.3d 1493, 1500 (9th Cir. 1995), cert. dismissed, 116 S. Ct. 1710 (1996).  Accordingly, courts must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them.  Holden v. Hagopian, 978 F.2d 1115, 1118 (9th Cir. 1992).  However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a Rule 12(b)(6) motion.  In Re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996).

**The ADEA Claim**

The ADEA prohibits an employer from engaging in discrimination against an employee because of an employee's age. 29 U.S.C. § 623(a).  To establish a prima facie case of age discrimination, Plaintiff must show that he was: "(1) a member of a protected class [age 40-70]; (2) performing his job in a satisfactory manner; (3) discharged; and (4) replaced by a substantially younger employee with equal or inferior qualifications." Nidds v. Schindler Elevator Corp., 113 F.3d 912, 917 (9th Cir. 1996); Coleman v. Quaker Oats Co., 232 F.3d 1271, 1207-08 (9th Cir. 2007).  The Supreme Court also recently clarified that a plaintiff in an ADEA case, unlike a Title VII case, must establish that age was the 'but for' cause of the employer's adverse action." Gross v. FBL Financial Services, Inc., 557 U.S. 167, 129 Sct. 2343, 2351 (2009). Here, Plaintiff adequately alleges that he is a member of a protected class, performing his job in a satisfactory manner, and discharged from his employment with SCFCU. (FAC ¶¶2, 21, 31).  Plaintiff fails, however, to allege that he was replaced by a qualified younger worker.  While not necessarily fatal to Plaintiff's claim, at a minimum, Plaintiff must allege that his discharge occurred under circumstances giving rise to an inference of age discrimination. See Rose v. Wells Fargo & Co., 902 F.2d 1417, 1421 (9th Cir.1990).  Here, the complaint fails to set forth sufficient allegations giving rise to an inference that he was discharged because of his age.  Accordingly, the court grants the motion to dismiss the ADEA claim.

As Plaintiff may be capable of alleging a prima facie case of ADEA discrimination, the court grants him leave to amend.

In sum, the court grants the motion to dismiss the ADEA claim with 15 days leave to amend, declines to reach the state law claims, and advises Plaintiff that the failure to state a federal claim will likely result in the court declining to exercise supplemental jurisdiction over the state law claims.

**IT IS SO ORDERED.**

DATED: April 16, 2012

_____
Hon. Jeffrey T. Miller
United States District Judge

cc:     All parties