# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRY C. STOKLAS,<br><br>                              Plaintiff,<br>vs.<br><br>SUN COMMUNITY FEDERAL CREDIT UNION; HAROLD WALK; DALE JOHNSON,<br><br>                             Defendants. | CASE NO. 11cv2384 JM(WVG)<br><br>ORDER GRANTING MOTION TO DISMISS; DENYING LEAVE TO AMEND; DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION OVER STATE LAW CLAIMS; DISMISSING STATE LAW CLAIMS WITHOUT PREJUDICE |

      Pursuant to Fed.R.Civ.P. 12(b)(6), Defendants Sun Community Federal Credit Union ("SCFCU"), Harold Walk ("Walk"), and Dale Johnson ("Johnson") move to dismiss all claims alleged in the Second Amended Complaint ("SAC") of Plaintiff Garry C. Stoklas ("Plaintiff" or "Stoklas"). Plaintiff did not file an opposition to the motion. Rather, Plaintiff moved, without filing a memorandum of points and authorities, for leave to file a Third Amended Complaint ("TAC"). Pursuant to Local Rule 7.1(d)(1), this matter is appropriate for decision without oral argument. For the reasons set forth below, the court grants the motion to dismiss the federal age discrimination claim, denies the motion to amend as futile, and declines to exercise supplemental jurisdiction over the state law claims. The Clerk of Court is instructed to close the file.

## BACKGROUND

      On October 13, 2011 Plaintiff commenced this federal question action by alleging a single claim for violation of the Age Discrimination in Employment Act (ADEA"), 29 U.S.C. §621I <u>et seq.</u>,

and supplemental jurisdiction over the numerous state laws claims. (Ct. Dkt. 1). In January 1997 Plaintiff, currently a 62-year-old Caucasian male, was employed by SCFCU as a part-time courier and part-time accountant equaling one full-time position.[1] (TAC ¶13). He was paid hourly with full benefits. In June 1998 Plaintiff transferred to the real estate loan department as a loan processor. Id.

After obtaining an insurance license and securities registration, on June 1, 2001 Plaintiff became the registered representative of financial services for SCFCU. (TAC ¶14). At this point in time, Plaintiff was a salaried employee with full benefits. In 2005, Plaintiff met with the then recently appointment CEO, Defendant Walk, to discuss marketing needs and administrative assistance. While Walk showed initial interest, the plan languished. (TAC ¶18).

At a manager's planning retreat in August 2010, Walk made a comment that Plaintiff "would not continue with the celebratory activities at private clubs with the 'younger folks.'" (TAC ¶22). Plaintiff alleges that his age was the subject of comments on several different occasions where he and another employee were referred to as the "old ones." (TAC ¶23). At the planning retreat, the subject of Plaintiff's retirement was raised as well as the need for greater marketing for Plaintiff's department. (TAC ¶24).

In December 2010, Plaintiff met with the newly appointed CFO, Defendant Johnson, to discuss his department's operations. At this meeting, Plaintiff informed Johnson that he would retire within a few years. (TAC ¶26). In February 2011, Plaintiff was informed that his goals for the first quarter were to (1) produce $120,000 in departmental revenue and (2) change broker dealers in the second quarter. (TAC ¶26). Plaintiff was also informed that SCFCU would provide marketing support. Plaintiff allegedly "knew this was also a lie." (TAC ¶28). In March 2011 Plaintiff suffered a detached retina requiring surgery and constant medical attention. (TAC ¶32).

On April 25, 2011 Plaintiff provided to Johnson the revenue report for the first quarter. The revenue generated by Plaintiff was 97% of the targeted goal. Johnson informed Plaintiff that he was "going forward with the broker dealer change." (TAC ¶34). Plaintiff sought to further discuss the issue with Johnson but he was ignored. (TAC ¶35). Around this same time, Plaintiff alleges that CEO

---

[1] Unless otherwise noted, the court cites to the proposed TAC because of the four complaints filed by Plaintiff the TAC contains more allegations related to age discrimination.

Walk asked him "if he was still retiring when Plaintiff repeatedly had said he was." Id.

On May 17, 2011 Plaintiff met with CFO Johnson. At that meeting, Plaintiff was informed that he was being terminated. (TAC ¶37). Plaintiff was instructed to sign a Separation Agreement along with several other documents. Plaintiff declined to sign the Separation Agreement and SCFCU did not provide Plaintiff with his final check. On May 19, 2011 Plaintiff signed all the documents, except the Separation Agreement, and he received his final check. (TAC ¶41). Plaintiff alleges that he has "always been an excellent employee with no performance issue" and therefore concludes "it could only be his age that was motivating Plaintiff's termination." (TAC ¶42).

In the FAC, Plaintiff alleged that SCFCU had offered Plaintiff an independent contractor position with the new financial services company. Johnson informed Plaintiff that he would be offered an independent contractor position and "that the credit union would provide marketing support. Plaintiff was offered an independent contractor position with Credit Union Financial Network ("CUFN") and provided with three days to sign the agreement. (FAC ¶39). Plaintiff alleges that SCFCU never changed broker dealers "which proves that all along SCFCU plotted to terminate Plaintiff due to his age rather than a legitimate business decision." (FAC ¶42).

Based upon the above generally described conduct, Plaintiff alleges eight causes of action for: (1) age discrimination in violation of ADEA and FEHA, (2) wrongful termination in violation of public policy, (3) breach of contract, (4) breach of the implied covenant of good faith and fair dealing, (5) negligent supervision, (6) harassment based upon age in violation of Cal. Gov. Code §12940(j)(1), (7) harassment based upon age in violation of Cal. Gov. Code §12940(j)(3), and (8) intentional infliction of emotional distress.

Defendants move to dismiss the federal ADEA claim and the state law claims. Plaintiff opposes the motion and moves for leave to file the TAC.

**DISCUSSION**

**Legal Standards**

Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in "extraordinary" cases. United States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981). Courts should grant 12(b)(6) relief only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a

cognizable legal theory. <u>Balistreri v. Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1990). Courts should dismiss a complaint for failure to state a claim when the factual allegations are insufficient "to raise a right to relief above the speculative level." <u>Bell Atlantic Corp v. Twombly</u>, 550 U.S. 544, 555 (2007) (the complaint's allegations must "plausibly suggest[]" that the pleader is entitled to relief); <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937 (2009) (under Rule 8(a), well-pleaded facts must do more than permit the court to infer the mere possibility of misconduct). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Id.</u> at 1949. Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u> The defect must appear on the face of the complaint itself. Thus, courts may not consider extraneous material in testing its legal adequacy. <u>Levine v. Diamanthuset, Inc.</u>, 950 F.2d 1478, 1482 (9th Cir. 1991). The courts may, however, consider material properly submitted as part of the complaint. <u>Hal Roach Studios, Inc. v. Richard Feiner and Co.</u>, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

Finally, courts must construe the complaint in the light most favorable to the plaintiff. <u>Concha v. London</u>, 62 F.3d 1493, 1500 (9th Cir. 1995), <u>cert. dismissed</u>, 116 S. Ct. 1710 (1996). Accordingly, courts must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. <u>Holden v. Hagopian</u>, 978 F.2d 1115, 1118 (9th Cir. 1992). However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a Rule 12(b)(6) motion. <u>In Re Syntex Corp. Sec. Litig.</u>, 95 F.3d 922, 926 (9th Cir. 1996).

**The ADEA Claim**

As set forth in an earlier order, ADEA prohibits an employer from engaging in discrimination against an employee because of an employee's age. 29 U.S.C. § 623(a). To establish a prima facie case of age discrimination, Plaintiff must show that he was: "(1) a member of a protected class [age 40-70]; (2) performing his job in a satisfactory manner; (3) discharged; and (4) replaced by a substantially younger employee with equal or inferior qualifications." <u>Nidds v. Schindler Elevator Corp.</u>, 113 F.3d 912, 917 (9th Cir. 1996); <u>Coleman v. Quaker Oats Co.</u>, 232 F.3d 1271, 1207-08 (9th Cir. 2007). The Supreme Court also recently clarified that a plaintiff in an ADEA case, unlike a Title VII case, must establish that age was the 'but for' cause of the employer's adverse action." <u>Gross v. FBL Financial</u>

1  Services, Inc., 557 U.S. 167, 129 Sct. 2343, 2351 (2009). The Supreme Court noted that while
2  Congress had amended Title VII to allow for employer liability when discrimination "was a motivating
3  factor for any employment practice," "it did not similarly amend the ADEA." Id. at 2350 n.3. The
4  ADEA causation requirement is satisfied where age is the determining factor in the employee's
5  discharge. See Medlock v. United Parcel Service Inc., 608 F.3d 1185, 1193 (10th Cir. 2010).

6        Here, as with the earlier complaints, Plaintiff fails to satisfy the traditional prima facie case
7  because he fails to allege that anyone replaced him in his previous employment position. This is not
8  necessarily fatal to Plaintiff's claim. At a minimum, Plaintiff must allege that his discharge occurred
9  under circumstances giving rise to an inference of age discrimination. See Rose v. Wells Fargo & Co.,
10 902 F.2d 1417, 1421 (9th Cir.1990).

11       In seeking to allege circumstances giving rise to a reasonable inference of age discrimination,
12 pleading standards under Iqbal and Twombly require Plaintiff to go beyond the mere speculative and
13 plausibly set forth factual allegations in support of the ADEA claim. Plaintiff argues "[w]ere he not
14 over 60, Plaintiff would not have been terminated." (Motion to Amend, Reply at p.3:18-19). This
15 argument, however, is premised upon allegations of common workplace discussions and isolated age-
16 related comments. In the main, Plaintiff alleges that SCFCU knew he was over 60; he openly
17 discussed retiring within a few years; he was at the time of his discharge the oldest employee at
18 SCFCU; an unidentified manager asked whether SCFCU had a plan following Plaintiff's retirement;
19 at a manager's meeting, nine months before his discharge, the comment was made that Plaintiff would
20 not be continuing on with the celebratory activities with the "younger folks;" and in management
21 meetings he and a 75 year-old co-worker were referred to as the "old ones." (TAC ¶¶ 20 - 25, 36).
22 These allegations fail to raise the right to relief above the speculative level. Factual allegations that
23 Plaintiff was 60 years old and exposed to some modest, but not inflammatory, statements related to
24 age, do not satisfy Plaintiff's pleading burden under the ADEA.

25       The complaint's allegations are not linked, in a temporal sense, to Plaintiff's discharge. The
26 few statements Plaintiff alleges support a prima facie case of age discrimination are not only
27 insufficient to create a triable issue of material fact on the question of whether the "but for"
28 requirement has been met, but occurred over many years. While Plaintiff also alleges that he suffered

a detached retina and injured leg, these allegations fail to support an inference that SCFCU took an adverse employment action against him "because of such individual's age." 29 U.S.C. §623(a)(1). Moreover, there is no allegation that Plaintiff's employment position was filled by anyone, let alone someone younger.

The only other issue concerns whether Plaintiff should be afforded a fifth opportunity to file an amended complaint. The court has considered the allegations in both the SAC and the proposed TAC and concludes that neither comes close to stating an ADEA claim. As Plaintiff has had four opportunities to state an ADEA claim, the court grants the motion to dismiss this claim with prejudice and without leave to amend.

**Supplemental Jurisdiction**

This court is authorized by 28 U.S.C. §1367(a) to exercise supplemental jurisdiction over state-law claims whenever the relationship between the federal and state claims is such that they "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §1367(a). However, 28 U.S.C. §1367(c) provides:

> (C) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if - -
>
> (3) the district court has dismissed all claims over which it has original jurisdiction

28 U.S.C. §1367(c). As noted by the Supreme Court, supplemental "jurisdiction is a doctrine of discretion." City of Chicago v. International College of Surgeons, 522 U.S. 156, 172 (1997). The court may decline to exercise jurisdiction over state law claims "depending on a host of factors . . . including the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims." Id. at 173.

In the case where the federal claim is dismissed early and state-law claims substantially predominate, the usual remedy is to dismiss the state-law claims without prejudice. See Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 (1988); Schneider v. TRW, Inc., 938 F.2d 986, 993 (9th Cir. 1991) ("[I]n the usual case in which federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims."). Here, the court declines to exercise supplemental jurisdiction over Plaintiff's state law claims because this case is still in the initial proceedings, the parties have yet to conduct any discovery,

all claims arise under state law, and the values of judicial economy, convenience, fairness, and comity are furthered by dismissing the state law claims without prejudice.

In sum, the court grants the motion to dismiss the ADEA claim, denies the motion to amend, declines to exercise supplemental jurisdiction over the state law claims, dismisses the remaining state law claims without prejudice and instructs the Clerk of Court to enter judgment in favor of SCFCU on the ADEA claim and to close the file.

**IT IS SO ORDERED.**

DATED:  August 7, 2012

_____
Hon. Jeffrey T. Miller
United States District Judge

cc:        All parties